UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

CIVIL STANDING ORDER –
MAGISTRATE JUDGE CARLA BALDWIN

## I. CONFORMITY WITH RULES

Parties shall follow the Federal Rules of Civil Procedure and the District of Nevada's local rules and general orders, except as superseded by this standing order. Failure to comply with these rules and orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

## II. HEARINGS

### A. Scheduling

Pursuant to Local Rule 78-1, motions may be considered with or without a hearing. A party may request a hearing by following the procedure provided by the rule. If Judge Baldwin orders a hearing, her courtroom deputy, Lisa Mann, will generally contact the parties to schedule the hearing at a convenient time to all parties. The parties are strongly encouraged to respond to such contacts as soon as possible in order allow the hearing to be scheduled in a timely fashion. If the parties fail to respond to such communications within 48 hours, the Court will schedule the hearing at a time convenient to the Court.

### B. Opportunities for Less-Experienced Attorneys

Judge Baldwin encourages litigants to permit more junior members of the litigation team to present oral argument and gain courtroom experience. Thus, as a supplement to the rule requesting oral argument, a party should note in the filing that the requested argument or hearing would be handled by a more junior lawyer. In those instances where Judge Baldwin may be inclined to rule on the papers, a representation that a younger lawyer would be responsible for presenting argument will weigh in favor of holding a hearing.

### C. Transcripts

All hearings, case management, status and pretrial conferences are audio recorded; court reporters are usually not provided. Forms necessary to request a copy of either the audio recording (on CD) or a transcription of the audio recording, or the court reporter's transcript, if applicable, are available on the District of Nevada's website at: https://www.nvd.uscourts.gov/court-information/forms/

III. **VIRTUAL HEARINGS, SETTLEMENT CONFERENCES, EARLY NEUTRAL EVALUATIONS AND ADR HEARINGS**

Judge Baldwin holds many civil hearings, settlement conferences, early neutral evaluations (ENE), and alternative dispute resolution (ADR) hearings virtually via videoconferencing technology. If Judge Baldwin orders any hearing, settlement conference, ENE, or ADR hearing to be conducted virtually, the parties are ordered to comply with the following:

- A. One (1) day prior to the video hearing, the parties are directed to contact the courtroom deputy Lisa Mann (Lisa_Mann@nvd.uscourts.gov) to provide her the email address of each attorney, party, client representative, and/or insurance adjustor attending the hearing.

- B. The only people who may appear by video for a virtual hearing are the lead counsel or counsel presenting argument on behalf of the party, given they have made a notice of appearance on the record. All other participants may call in to the public telephone line.

- C. For settlement conferences, ENEs, or any other type of ADR hearing conducted by video conference, Judge Baldwin prohibits anyone from attending the hearing who is not counsel of record, a party, client representative, and/or an insurance adjustor. This precludes witnesses, spouses of the parties, or any other person or persons from attending such hearings. To the extent you wish to have someone attend by video who is not otherwise permitted, a motion must be filed with the Court at least one (1) week prior to the scheduled video hearing.

- D. The videoconference invitation information shall not be forwarded to any person who is not participating in the videoconference (including, but not limited to, legal assistants, paralegals, other attorneys, or witnesses).

- E. Unauthorized users on the video conference will be removed.

- F. All participants in a virtual hearing must log on to the video conference session at least ten (10) minutes before the video conference is set to begin and must:

    1. Mute sound prior to entering the hearing.

    2. Not talk over other participants during the hearing.

    3. State their name on the record prior to speaking.

G. Each person attending the video hearing must be connected to their own individual device (ideally a laptop or tablet) for participation in the video hearing. Judge Baldwin does not permit "conference room" style participation in virtual hearings.

H. For public hearings, do not have others visible on the video screen or moving in the background.

I. All participants in virtual hearing are reminded that although the hearing is to take place by video, they are still participating in a court proceeding and appropriate decorum is expected, including proper dress and behavior during the hearing.

J. No recording of any part of the video conference hearing is permitted.

## IV. COURTESY COPIES

Paper courtesy copies are not to be submitted to Judge Baldwin's Chambers unless expressly requested.

## V. CASE MANAGEMENT

### A. Case Management Reports and Conferences

After an answer or other responsive document has been filed, Judge Baldwin will generally enter an order requiring the parties to file an initial Joint Case Management Report ("JCMR"). This order will detail the requirements for the JCMR. The parties are required to meet and confer to draft the JCMR, as explained in the order, and must strictly adhere to the requirements for the JCMR outlined in the order.

After receipt of the JCMR, Judge Baldwin may set an initial case management conference. If Judge Baldwin determines such a conference is necessary, an order setting the case management conference will be issued. Lead counsel for each party must attend the case management conference, as more fully described in the court management conference order.

In some cases, Judge Baldwin may order subsequent case management conferences to take place after the initial case management conference. If Judge Baldwin orders an additional case management conference, each party must file a separate case management conference report no later than 5 court days before the next case management conference. The subsequent case management report must be no longer than 10 type-written, double-spaced pages and must address the following three topics:

> 1. What discovery has been completed since the last case management conference;
>
> 2. What discovery has been served, but not yet responded to, since the last case management conference; and
>
> 3. A brief statement of any discovery issues which the parties have been unable to resolve through a meet and confer conference that have arisen, a brief description of the meet and confer efforts taken to resolve the issue, and the requested resolution of the issue by each party.

No exhibits should be attached to any subsequent case management report other than the relevant excerpts of the discovery requests and responses, privilege logs, or deposition testimony, which are the subject of a discovery issue outlined in the case management report.

### B. Amended Pleadings

If a party files a motion seeking leave to amend its pleading, the party must comply with the requirements of Local Rule 15-1. In addition, the moving party must also concurrently file a redlined or highlighted version comparing the amended pleading, attached as an exhibit to the motion, to the prior operative pleading.

### C. E-Filed Documents and Exhibits

In accordance with LR IC 2-2 and LR IA 10-1, counsel is directed to file all documents in a searchable PDF format, except for exhibits or attachments that cannot be imaged in a searchable format.

Moreover, pursuant to LC IC 2-2(a)(3), exhibits or attachments may not be filed as part of the base document in CM/ECF. Rather, each exhibit must be attached as a separate file.

### D. Motions to File Under Seal

Parties are reminded that court proceedings are presumptively public. Any request to file a document under seal must comply with LR IA 10-5.

## VI. DISCOVERY

### A. Motions to Dismiss and Discovery

The filing of a motion to dismiss does not stay discovery. Rather, the parties are required to comply with the rules of discovery as required by the Local Rules and the Federal Rules of Civil Procedure. *See* LR 26-1 *et. seq*.; Fed. R. Civ. Pro. 26 *et. seq*. If a party believes that discovery should be stayed pending a decision on the motion to dismiss, the party is required to file a motion to stay that directly addresses the factors articulated in *Kor Media*

*Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013) (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011)). Parties are advised that a stay of discovery will not be granted merely because a motion to dismiss was filed. Rather, the moving party must establish that a stay is proper under the circumstances.

      B.    <u>Informal Discovery Dispute Procedure</u>

Pursuant to LR 1-1(b)(2), the Court requires the parties to follow the following informal discovery dispute procedure. No discovery motion may be filed until this procedure has been followed and such briefing is ordered by the Court. Discovery disputes include any dispute between the party related to the timing of discovery or extensions of time related to the completion of any discovery item.

If a discovery dispute arises the parties must first meet and confer to try to resolve their dispute in compliance with LR IA 1-3(f). Lead counsel for each party shall meet and confer <u>in person, videoconference, or telephone</u>. A mere exchange of letters or e-mails does not satisfy the meet and confer requirement.

If the parties are unable to resolve their dispute informally after a good-faith effort, the parties must do the following:

First, the party seeking the requested discovery, or seeking to avoid the requested discovery, must file a motion entitled "Motion Regarding Discovery Dispute." This motion is limited to 5 pages (12-point font or greater, margins of no less than one inch) in length. No exhibits may be attached to the motion <u>with two exceptions</u>: (1) a declaration detailing the meet and confer efforts undertaken to resolve the dispute; and (2) if the disagreement concerns specific discovery that a party has propounded, such as interrogatories, requests for production of documents, or answers or objections to such discovery, the moving party must reproduce the question(s)/request(s) and the response(s) in full in a single exhibit. The motion must contain the following issues in separate sections:

    1.    A statement of the unresolved issue(s);

    2.    A summary of the moving party's position (with citations to supporting facts and legal authority); and

    3.    The moving party's requested compromise or resolution of the issue.

No later than 2 court days after the initial motion is filed, the opposing party shall file a response to the motion. The response is also limited to 5 pages (12-point font or greater, margins of no less than one inch) in length. No exhibits may be attached to the response <u>with two exceptions</u>: (1) if the responding party disagrees with the information contained in the moving party's declaration related to the meet and confer efforts, the responding party may file a declaration detailing the meet and confer efforts undertaken to resolve the dispute; and (2) if the moving party failed to provide the discovery requests at issue, or if the responding party disagrees with the discovery items provided by the moving party,

the responding party may provide a single exhibit providing the specific discovery request(s) that are at issue. The response must contain the following issues in separate sections:

      1.     A statement of the unresolved issue(s);

      2.     A summary of the moving party's position (with citations to supporting facts and legal authority); and

      3.     The moving party's requested compromise or resolution of the issue.

This process allows a side-by-side, stand-alone analysis of each disputed issue. Upon receipt, the Court will review the motion and response and determine whether formal briefing or future proceedings are necessary.

      C.     <u>Emergency Discovery Disputes</u>

In emergencies during discovery events such as depositions, any party may, after exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil Local Rule 37-1(b) by contacting Judge Baldwin through her courtroom deputy, Lisa Mann, or by calling Judge Baldwin's chambers directly. However, before contacting the Court, the parties must first send a short email describing the nature of the dispute to clb_chambers@nvd.uscourts.gov. If Judge Baldwin is unavailable, the deposition shall proceed with objections noted for the record.

IT IS SO ORDERED.

_____
CARLA BALDWIN
UNITED STATES MAGISTRATE JUDGE