MATTHEW VESTERDAHL (NV SBN 15469)
mvesterdahl@grsm.com
JENNIFER M. HOLLY* (CA SBN:263705)
jholly@grsm.com
*Pro hac vice application forthcoming
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, California  95825
Telephone:      (916) 830-6511
Facsimile:      (916) 920-4402

Attorneys for Defendant,
NATIONAL EWP, INC.

**Gordon Rees Scully Mansukhani, LLP**
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AUSTIN ADAMS, individually and on behalf of others similarly situated | Case No. 3:25-CV-00375-ART-CLB |
| Plaintiff, | **ORDER GRANTING STIPULATED** |
| v. | **PROTECTIVE ORDER** |
| NATIONAL EWP, INC., | |
| Defendant. | |

-1-

3:25-CV-00375-ART-CLB

**STIPULATED PROTECTIVE ORDER**

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. However, the parties acknowledge that the Ninth Circuit has held that there is a presumption of public access to judicial files and records. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, development, or commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs. "Confidential information" does not include information that is already generally or specifically known to the parties in the public domain at the time of disclosure.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean retained outside counsel of record, and other

-2-

**STIPULATED PROTECTIVE ORDER**

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Josephson Dunlap LLP, Rodriguez Law Offices P.C., and Gordon Rees Scully Mansukhani LLP.  Counsel also includes in-house attorneys for the parties.

GENERAL RULES

4.      Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."  A party designating material as "CONFIDENTIAL" must exercise restraint and make good faith efforts to limit "CONFIDENTIAL" designations as well as limit designations to the portions of materials, documents, communications, etc. that qualify as confidential so as to avoid designating portions of materials, documents, communications, etc. for which protection is not warranted from being swept unjustifiably within the ambit of this Order.

a.      Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b.      Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to, trade secrets or other confidential research, development, financial, or other commercial information.

5.      Notwithstanding any designation to the contrary, the following categories of documents and information shall not be deemed "CONFIDENTIAL;" any materials or documents provided by Defendant to Plaintiff and/or any putative class or collective member in the ordinary course of business, including but not limited to employee handbooks or policies, work schedules, and similar employment-related documents, provided the materials or

-3-

**STIPULATED PROTECTIVE ORDER**

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

documents do not contain putative class or collective member information subject to privacy protections.

6.      In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL – FOR COUNSEL ONLY" and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

7.      Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a.      the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

b.      the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, retained counsel (including their staff and associates), the court reporter, party-affiliated personnel, and the person(s) agreed upon pursuant to paragraph 9 below; and

c.      the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order,

-4-

**STIPULATED PROTECTIVE ORDER**

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

and protected from being opened except by order of this Court.

8.    All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

9.    Information designated as "CONFIDENTIAL – FOR COUNSEL ONLY" may be disclosed by receiving counsel to independent experts or consultants retained for purposes of this litigation, provided that such individuals execute a confidentiality acknowledgement. Prior to any such disclosure, receiving counsel shall provide written notice to producing counsel identifying the expert or consultant. No approval from the producing party shall be required for such disclosure.

10.    Information designated "confidential" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 9), by court personnel, party-affiliated personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

a.    Executives who are required to participate in policy decisions with reference to this action;

b.    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

c.    Any individual noticed for a deposition including, *inter alia*, Plaintiff, opt-in Plaintiffs, Putative Class/Collective Members, members of Defendant's human resources, Defendant's managers, supervisors, and/or leads that have authority over any Plaintiff and/or Putative Class/Collective Members.

d.    Stenographic and clerical employees associated with the individuals

-5-

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

identified above; and,

e.     Insurers and Re-insurers of the parties and any governmental entities with whom there are disclosure requirements.

11.     With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

12.     All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

13.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as "CONFIDENTIAL" are filed with the Court, the party seeking to file such material shall provide written notice to the producing party identifying the specific materials at issue and requesting confirmation as to whether the materials must be filed under seal. The producing party shall respond in writing within five (5) business days of such notice. If the producing party fails to respond within that time, the confidentiality designation shall be deemed waived for purposes of filing, and the materials may be filed publicly. If the producing party timely confirm that the materials remain confidential, the party seeking to file such material must seek permission from the Court to file the materials under seal in accordance with applicable rules.

14.     Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d

-6-

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

**STIPULATED PROTECTIVE ORDER**

1172 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

15.    At any stage of these proceedings, any party may object to a designation of the materials as "CONFIDENTIAL." The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting party must move the Court within thirty (30) days after failure to reach a consensual resolution for a ruling on the objecting party's objection. The materials at issue must be treated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY", as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

16.    All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

17.    No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18.    If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must

**Gordon Rees Scully Mansukhani, LLP**
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

-7-

**STIPULATED PROTECTIVE ORDER**

treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" subject to the protective order.

19.    Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

20.    Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as "CONFIDENTIAL" or "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" and provided in compliance with this Order.

21.    This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

22.    Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

23.    Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information.  Further,

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

-8-

**STIPULATED PROTECTIVE ORDER**

attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information. Finally, counsel for the parties shall retain all materials comprising their client file, in compliance with this Order, the Rules of Professional Conduct, and the requirements of any re-insurance treaty or governmental entity, for a period of no more than seven years from the date of final termination of this action.

24.    The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25.    The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

26.    Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

27.    This Order may be modified by written agreement of the parties, subject to approval by the Court.

28.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

29.    The Court shall retain jurisdiction with respect to the terms of this Protective Order and any persons subject to the terms of this Protective Order only during the pendency of the above-referenced case. The Court's jurisdiction shall cease upon dismissal.

**Gordon Rees Scully Mansukhani, LLP**
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

-9-

**STIPULATED PROTECTIVE ORDER**

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  May 18, 2026                    JOSEPHSON DUNLAP, LLP


By: */s/ Richard Schreiber*
     Richard M. Schreiber
     Attorney for Plaintiff
     AUSTIN ADAMS & THE HOURLY
     EMPLOYEES


Dated:  May 18, 2026                    GORDON REES SCULLY MANSUKHANI, LLP


By: */s/ Matthew S. Vesterdahl*
     Jennifer M. Holly
     Matthew S. Vesterdahl
     Attorneys for Defendant
     NATIONAL EWP, INC.


IT IS SO ORDERED:


_____
UNITED STATES MAGISTRATE JUDGE
DATED:  May 19, 2026.

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

-10-

3:25-CV-00375-ART-CLB

**STIPULATED PROTECTIVE ORDER**