UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AUSTIN ADAMS, individually and on behalf of others similarly situated,

Plaintiff,

v.

NATIONAL EWP, INC.,

Defendant.

Case No. 3:25-cv-00375-ART-CLB

ORDER ON ECF No. 33

Before the Court is Plaintiff Austin Adams' motion seeking conditional certification of his proposed Fair Labor Standards Act ("FLSA") collective action. (ECF No. 33). For the following reasons, the Court grants Plaintiff's motion for conditional certification.

## I. FACTS AND PROCEDURAL HISTORY

Defendant is drilling and mining services corporation headquartered in Elko, Nevada (*see* ECF No. 1 at 5) that employed Plaintiff as an hourly worker in various drilling positions from December 2022 to March 2025 (ECF No. 33-2 at 2). Plaintiff filed his complaint on behalf of himself and others similarly situated on July 23, 2025. (ECF No. 1). First, he states a collective action claim under the FLSA, 29 U.S.C. § 216(b), for unpaid labor and unpaid overtime wages. *Id.* at 16. Plaintiff defines the collective action's membership to include "[a]ll hourly National employees during the past 3 years through final resolution of this action." *Id.* at 4. Second, Plaintiff brings forth a class action claim under Fed. R. Civ. P. 23 on behalf of Defendant's employees in Nevada, alleging violations of Nevada law on unpaid labor, unpaid minimum wages, and unpaid overtime wages. *Id.* at 17–22.

The Court has twice granted stipulated stays of the case as parties

attempted to reach a settlement agreement (ECF Nos. 16, 20), but the parties were unable to resolve the action. The stay was lifted on March 10, 2026. (ECF No. 23). Plaintiff subsequently filed his motion for conditional certification of the FLSA collective action, with attached exhibits containing proposed mail, email, and text notices and a consent form. (ECF No. 33). Plaintiff's claims under Nevada state law are not at issue in this motion. Defendant opposed the conditional certification and raised objections to the notices and consent form (ECF No. 36), and Plaintiff replied in support (ECF No. 37). On November 10, 2026, the Court held a hearing on the issues of conditional certification and Plaintiff's proposed notices and consent form.

In his motion for conditional certification of the FLSA class, Plaintiff seeks to certify an action of "[a]ll hourly National EWP employees during the past 3 years through final resolution of this action." (ECF No. 33 at 2). There are three bases upon which Plaintiff argues that "putative collection action members are subject to the same illegal pay policies" and thus meet the certification requirements. *Id.* at 3. First, that Plaintiff and other similarly situated employees performed unpaid labor and failed to receive overtime wages for pre- and post-shift work, including changing in and out of protective gear, gathering and storing equipment, showering, and participating in safety meetings. (ECF No. 1 at 7–9). Second, that Defendant failed to include all renumeration, inclusive of non-discretionary bonuses, into the regular rate of pay from which overtime rates are calculated for Plaintiff and other workers. *Id.* at 9–10. Third, that Defendant failed to reimburse all business expenses that Plaintiff and other workers incurred and failed to include per diem reimbursements into the regular rate of pay from which overtime rates are calculated. *Id.* at 11.

Plaintiff also requests in his motion that the Court: approve the proposed notices and consent form, authorize counsel to send notice and a reminder notice to putative members via mail, email, and text, set a 60-day period for putative

members to opt-in to the action, and order Defendant to disclose the "names, job titles, last-known mailing addresses, phone numbers, email addresses, dates of employment, and locations worked" for putative collective action members within 14 days of the Court's order. (ECF No. 33 at 2).

## II. LEGAL STANDARD

The FLSA permits a collective action against any employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The statute permits workers to "litigate jointly if they (1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018).

Unlike Fed. R. Civ. P. 23, the FLSA is silent as to the question of "certifying" a collective action. However, the Ninth Circuit found in *Campbell* that there is a "near-universal" two-step process that courts follow when handling a FLSA collective action. *Id.* at 1100. Initially, there is a pre-discovery conditional certification of "similarly situated" putative members for the sole purpose of sending notice to opt-in to the action. *Id.* Subsequently, there is a post-discovery opportunity to decertify the collective action and/or narrow its parameters. *Id.* Even if the court were to deny conditional certification initially, it may grant certification after discovery. *See id.* at 1109 ("Denial of preliminary certification may be without prejudice and may be revisited by the district court after further discovery.").

The threshold issue before the Court at the conditional certification phase is thus whether the putative collective action members are sufficiently "similarly situated" within the meaning of the FLSA to proceed in sending notice. This is a lenient" inquiry that is "loosely akin to a plausibility standard, commensurate with the stage of the proceedings." *Id.* This inquiry is "typically" limited to a review of the pleadings but can also include "declarations or limited other evidence." *Id.*

In the Ninth Circuit, putative collective action members are similarly situated when "they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.* at 1117.

## III. DISCUSSION

The Court grants Plaintiff's motion for conditional certification, because Plaintiff has demonstrated that "[a]ll hourly National EWP employees during the past 3 years through final resolution of this action" are similarly situated.

The Court finds that there is a material and common issue of law or fact across all of Defendant's hourly employees—whether employees were paid incorrect overtime rates. Without a doubt, there exists variation in Plaintiff's challenges to the pre- and post-shift work policies and the accounting of bonuses and per diem reimbursements in overtime rates. As Plaintiff's counsel acknowledged in the hearing, not every hourly employee is subject to Defendant's pre- and post-shift work policies. Accordingly, not every employee within the putative collective action membership would have a claim for unpaid labor. However, an overarching thread across all three of Plaintiff's challenged policies is that Defendant failed to pay sufficient overtime rates, either by failing to pay overtime wages for pre- and post-shift work, or by incorrectly calculating the regular rate of pay upon which overtime rates are based. At this stage of the litigation, Plaintiff has sufficiently demonstrated a common issue of law or fact across all hourly National EWP employees defined in the putative membership.

Defendant opposes conditional certification and argues that Plaintiff has not demonstrated that "all" hourly employees are similarly situated, thus rendering the action "fatally overbroad." (ECF No. 36 at 4). In the alternative, Defendant proposes that the collective action's membership be limited to:

> "All hourly driller assistant employees of National who worked twelve-hour shifts scheduled from 6:00 a.m./p.m. to 6:00 p.m./a.m. on fourteen-days-on, seven-days-off rotations at National's clients' mining sites in Michigan, Utah, and Nevada during the three year period preceding the Court's Order through final resolution, as specifically described in the Adams, Seaman,

> and Hunnicutt declarations, and excluding all other hourly roles." (ECF No. 36 at 10).

Defendant points to the fact that hourly employees are varied with respect to "job title, department, supervisor, location, or actual exposure to the practices" challenged in the action. *Id.* Additionally, Defendant argues that Plaintiff has failed to show "actual evidence" of a "company-wide unlawful policy," instead only providing generalized allegations, "three drilling-side declarations," and two of Plaintiff's paystubs. *Id.* at 5–7.

Defendant's objections are misplaced because Plaintiff has raised sufficient allegations to succeed in his motion for conditional certification. As the Ninth Circuit noted in *Campbell*, a district court typically determines certification only on the basis of the pleadings. *Campbell*, 903 F.3d at 1109. Plaintiff is therefore not required to submit additional declarations and evidence under the lenient standard for certification, if his pleadings can demonstrate a common question of law or fact. At the pleading stage, before discovery has even commenced, Plaintiff faces a high barrier to producing national written policies, "representative timekeeping evidence," or "payroll data" that Defendant calls for. (*See* ECF No. 36 at 6). Furthermore, the Court notes that it would be unlikely for an employer to place an unlawful employment policy in writing at all. *See Kasapi v. E. Mortg. Cap. Inc.*, 829 F.Supp.3d 760, 770 (D. Ariz. 2026) ("But it should go without saying that there does not need to be a written policy requiring non-compliance with the FLSA, as few employers would put an illegal policy into writing."). Defendant also incorrectly relies upon cases interpreting the "actual evidence" required to demonstrate commonality under Fed. R. Civ. P. 23 (*see* ECF No. 36 at 4–5 citing *Black Lives Matter Los Angeles v. City of Los Angeles*, 113 F.4th 1249 (9th Cir.); *Grodzitsky v. Am. Honda Motor Co., Inc.*, 957 F.3d 979 (9th Cir. 2020); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011)), which the Ninth Circuit expressly distinguished from the lenient standard for conditional

certification (*see Campbell*, 903 F.3d at 1112). In his pleadings and submitted declarations and documentary evidence, Plaintiff has sufficiently demonstrated that all hourly employees are similarly situated with respect to the question of insufficient overtime rate calculations. The Court therefore grants Plaintiff's motion.

## IV. CONCLUSION

It is therefore ordered that Plaintiff's motion for conditional certification of the FLSA collective action (ECF No. 33) is GRANTED.

It is therefore ordered that the parties' stipulated notices and consent forms (ECF No. 47-1) are approved by the Court.

Plaintiff's counsel will be permitted to send ECF No. 47-1 via mail, email, and text message to putative collection action members, along with one reminder via the aforementioned methods.

It is therefore ordered that Defendant will produce the requested data within Plaintiff's motion for certification (ECF No. 33) to Plaintiff's counsel by December 17, 2026.

DATED THIS 17th day of November 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE